IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE ALBRITTON, | : | CIVIL ACTION NO. **1:CV-11-0869** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DEBRA K. SAUERS, et al., | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 2, 2011[1], Petitioner, Ronald D. Albritton, an inmate at the State Correctional

Institution at Forest, ("SCI-Forest"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254. (Doc. 1).  Petitioner attached exhibits to his habeas petition, namely copes of his state court

records.  Petitioner filed Motion for Leave to Proceed *in forma pauperis* on May 6, 2011 (Doc. 6),

which this Court first granted on May 10, 2011.  (Doc. 5).

In his habeas petition, Petitioner challenges his July 13, 2006 conviction and October

19, 2006 sentence of eight and one half years to seventeen years in a state correctional institution

imposed by the Court of Common Pleas of Mifflin County ("CCP"), Lewistown, Pennsylvania, for

three counts of sexual assault, one count of aggravated indecent assault, three counts of corruption

of minors and one count of indecent assault.  (Doc. 1, p. 1; Doc. 25, p. 1 ).  In his habeas petition,

---

[1]The Habeas Corpus Petition was signed by the Petitioner on May 2, 2011. (Doc. 1).
Thus, as Petitioner recognizes (Doc. 21, p. 5), under the prison mailbox rule, we construe
Petitioner's instant Habeas Petition as being filed on May 2, 2011.  *See Bond v. VisionQuest*, 410
Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL
411766, *6, n. 3 (E.D. Pa. 1-28-10).

Petitioner raises six grounds alleging ineffective assistance of trial counsel.  Specifically, Petitioner asserts the following ineffective assistance of trial counsel claims in his habeas petition:

(1) Defense counsel was ineffective when he failed to cross-examine Commonwealth's witness Raymond J. Sassaman, III, specifically regarding his false testimony that the defendant confessed to him while being cellmates in a R.H.U. cell; (2) Defense counsel failed to object to Police Sgt. Carter's inadmissible lay person's hearsay testimony regarding the contents and meaning of the medical report, produced by a physician and counsel at CRC; (3) Defense counsel failed to object to District Attorney Snook's false remarks, during his summation regarding Commonwealth witness Raymond J. Sassaman, III, that: "He's got no bias.  He's got not prejudice;" (4) Trial counsel failed to request and/or obtain the following items of vital pretrial discovery: two combined] written reports by the examining physician at Children's Resource Center; Raymond Sassaman, III, handwritten note to D.A. Snook; (5) Trial counsel was ineffective when he failed to object, following the summation statement by the District Attorney, that "Because of the surgery now that she's (the alleged victim) examined doctors look and see different clefts, but because of the surgery they can't agree this is because it was penetrated with an object.  It could be and it could not be.  What they say is gee, the exam is consistent with what she says.  There nothing in the exam that rules it out." (Trial Transcripts page 179 lines 17-23); and (6) Trial counsel elicited completely inadmissible lay person's hearsay testimony evidence from Police Officer Sgt. Carter regarding a physical examination of the victim (Trial Transcripts page 138 lines 10-19).  (Doc. 1).

As relief in his habeas petition, Petitioner requests the Court to order a new trial with the CCP or to order his release 120 days after an order is issued granting him a new trial. (Doc. 1, p. 15).

On May 10, 2011, we issued an Order pursuant to *U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 199) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000), directing Petitioner to complete and file the attached Notice of Election. (Doc. 4). Petitioner filed his completed Notice of Election on June 20, 2011, and elected to have his habeas petition ruled on as filed. (Doc. 12).

Also, on May 10, 2011, we issued an Order granting Petitioner's *in forma pauperis* motion and directing Respondents to file their Response to the habeas petition and a Brief. (Doc. 5).

On June 7, 2011, Petitioner filed additional exhibits in support of his habeas petition, which are more copies of his state court records. (Doc. 10).[2]

On June 2, 2011, Respondents filed a Motion for an Extension of Time (Doc. 8) to file an answer responding to Petitioner's Habeas Corpus Petition (Doc. 1), which we granted on June 6, 2011. (Doc. 9).

On July 15, 2011, after being granted an extension of time, Respondents filed a Motion to Dismiss Petitioner's habeas petition for failure to state a claim under Fed.R.Civ.P. 12(b)(6) (**Doc. 13**), along with a Memorandum of Law in Support of said Motion (Doc. 15). Respondents contend that Petitioner's habeas petition should be dismissed for being untimely filed. Also, on July 15, 2011,

---

[2]The Clerk of Court erroneously docketed Petitioner's additional exhibits as a Memorandum of Law. (Doc. 10).

Respondents filed a Motion to Defer any Further Response by them to the habeas petition until the Court decides their Motion to Dismiss. (Doc. 14).  On July 18, 2011, we granted Respondents' Doc. 14 Motion.  (Doc. 16).

On July 19, 2011, Petitioner filed a Motion for an Evidentiary Hearing with attached exhibits.  (**Doc. 17**).  Petitioner seeks an evidentiary hearing on the merits of his habeas claims. Respondents filed their opposition brief on July 22, 2011, essentially arguing that Petitioner's Motion for a hearing is premature since it has not yet been decided if his habeas petition is timely, and since no response to the merits of Petitioner's claims has yet been filed.  (Doc. 18).  On August 8, 2011, Petitioner filed a second Motion for an Evidentiary Hearing with an attached exhibit.  (**Doc. 22**). Petitioner requests an evidentiary hearing to determine the actual date on which his AEDPA statute of limitations expired.  As discussed below, it is not disputed by the parties that Petitioner's AEDPA statute of limitations expired.  The dispute lies as to exactly when Petitioner's AEDPA statute of limitations expired and if Petitioner is entitled to equitable tolling of the AEDPA statute of limitations.[3]

On July 25, 2011, Petitioner filed a Motion for Enlargement of Time of 45 days until August 30, 2011, to respond to Respondents' Motion to Dismiss and Respondents' Motion Defer any Further Response.  (Doc. 19).  As stated, we have already granted Respondents' Doc. 14 Motion to Defer any Further Response and we find no prejudice to Petitioner in granting said Motion since

---

[3]Pursuant to our discussion below in which we find that Petitioner is entitled to equitable tolling of the AEDPA statute of limitations, we will recommend that  Petitioner's (**Doc. 17**) Motion for an Evidentiary Hearing be dismissed without prejudice as premature and that his (**Doc. 22**) Motion for an Evidentiary Hearing be denied as moot.

the timeliness of his habeas petition must first be resolved before his case proceeds to a merits analysis of his claims. Thus, Petitioner's Motion for Enlargement of Time was, in part, moot.

On July 28, 2011, we issued an Order and granted, in part, Petitioner's Motion for Enlargement of Time and gave him 20 days to file his opposition brief to Respondents' Doc. 13 Motion to Dismiss his habeas petition as untimely. (Doc. 20). We also gave Respondents 10 days thereafter to file their reply brief. On July 29, 2011, Petitioner filed his Response to Respondents' Motion to Dismiss with Exhibits, A-D, including his July 20, 2011 Declaration (Ex. B). (Doc. 21). Petitioner contends that even though his AEDPA statute of limitations expired before he filed his instant habeas petition, he is entitled to equitable tolling of the AEDPA statute of limitations. As stated, in our July 28, 2011 Order, we afforded Respondents time to file a reply brief in support of their Motion to Dismiss. Respondents did not file a reply brief and the time to do so has expired

We now consider Respondents' Motion to Dismiss (**Doc. 13**) and Petitioner's Motions for an Evidentiary Hearing (**Docs. 17 and 22**).[4] As discussed below, we find that Petitioner's habeas petition was not timely filed, but that Petitioner is entitled to equitable tolling of the AEDPA statute of limitations. Thus, we will that we will recommend that Respondents' Motion to Dismiss (Doc. 13) be denied. We also will recommend that Petitioner's (Doc. 17) Motion for an Evidentiary Hearing be dismissed without prejudice as premature, and that his (Doc. 22) Motion for an Evidentiary Hearing be denied as moot.

---

[4]The undersigned has been assigned this case for issuance of an R&R.

**II. State Procedural Background.**[5]

Petitioner, after a jury trial, was convicted on three counts of sexual assault, one count of aggravated indecent assault, three counts of corruption of minors and one count of indecent assault on July 13, 2006, in the Court of Common Pleas of Mifflin County. (Docs. 1 and 21). Petitioner was sentenced to eight and one-half years to seventeen years in prison on October 19, 2006. (Doc. 1, p. 1 and Doc. 21).

Subsequently, Petitioner timely filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania. (Doc. 1, p. 3 and Doc. 13, p. 3).[6] According to the Mifflin CCP docket sheet in Petitioner's case, which we accessed at http://ujsportal.pacourts.us, the date Petitioner filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania was November 17, 2006.

On October 24, 2007, the Superior Court of Pennsylvania affirmed Petitioner's Judgment of Sentence of the trial court. (Doc. 1, p. 2). Petitioner cites to 943 A.2d 306 (Pa.Super.

---

[5]We note that Petitioner has essentially agreed with the state procedural background of his case and the dates as stated by Respondents. However, Petitioner asserts in his Doc. 22 Motion that the filing date of his PCRA Petition should be deemed as filed on December 1, 2007, under the prison mail box rule and not December 6, 2007, the date his PCRA Petition was filed stamped by the Mifflin County Court.

[6]In their Doc. 13 Motion and Doc. 15 Brief, Respondents incorrectly state that "[o]n April 16, 2006, Petitioner filed a direct appeal from the Judgment of Sentence" with the Superior Court of Pennsylvania. (Doc. 13, p. 3 and Doc. 15, p. 3). Petitioner could not have filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania on April 16, 2006, since Petitioner was not sentenced by the CCP until October 19, 2006. Also, in his habeas petition, Petitioner does not state the date that he filed his direct appeal of his judgment of sentence with the Superior Court of Pennsylvania.

2007)(Table).   Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania

Supreme Court.[7]

On December 6, 2007, Petitioner, *pro se*, filed a Petition for Post Conviction Collateral

Relief ("PCRA"), which the Mifflin County Court of Common Pleas ("CCP") denied on January 16,

2009. (Doc. 1, p. 3).  As noted above, Petitioner asserts in his Doc. 22 Motion that the filing date

of his PCRA Petition should be deemed as filed on December 1, 2007, the day Petitioner allegedly

delivered it to prison staff for mailing, under the prison "mailbox rule" and not December 6, 2007,

the date his PCRA Petition was filed stamped by the Mifflin County Court.  In *Burns v. Morton*, 134

F. 3d 109, 113 (3d Cir. 1998), the Third Circuit held that "a pro se prisoner's habeas petition is

deemed filed at the moment he delivers it to prison officials for mailing to the district court."  This

mailbox rule applies to all petitions filed by *pro se* inmates in federal court.  *See Brewington v.*

*Klopotoski*, 2010 WL 2710526, *3, n. 3 (E.D. Pa. 2-23-10).  Petitioner has not cited to any case

which held that the prison mailbox rule applied to a prisoner's filings in his underlying state court

case for purposes of determining whether his §2254 habeas petition was filed within one year statute

_____

[7]As discussed below, we agree with Respondents (Doc. 15, p. 2, ¶ 5.), that since
Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court with
respect to the Superior Court's October 24, 2007 decision affirming Petitioner's judgment of
sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction became final on November 23,
2007, when the 30-day deadline for seeking review in the PA Supreme Court expired. *See Fletcher*
*v. Lawlor*, 2011 WL 1288689, *2 (E.D. Pa. 2-22-11) adopted by 2011 WL 1288702 (E.D. Pa. 4-5-
11)(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA
Superior Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's
conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme
Court expired).   In fact, in his recent Doc. 22 Motion for Evidentiary Hearing, Petitioner
acknowledges that his conviction became final on November 23, 2007, and that his AEDPA statute
of limitations commenced to run on that day.  (Doc. 22, p. 2).

of limitations under AEDPA.  Nor does Petitioner submit proof with his Doc. 22 Motion that his PCRA Petition filed with the CCP was delivered to prison staff for mailing to the CCP on December 1, 2007.

On February 17, 2009, Petitioner filed an appeal from the CCP's January 16, 2009 decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc. 1, p. 3).[8]  On November 2, 2009, the Superior Court of Pennsylvania affirmed the CCP's Order of  January 16, 2009 denying Petitioner's PCRA Petition. (Doc. 1, p. 3; Doc. 1, Ex. 1).  *See Com. v. Albritton*, 988 A.2d 713 (Pa.Super. 2009)(Table).

On December 1, 2009, Petitioner filed a Petition for Allowance of Appeal from the Order of the Superior Court of Pennsylvania entered on November 2, 2009, with the Supreme Court of Pennsylvania.  (Doc. 13, p. 4).  On May 5, 2010, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal. (Doc. 13, p. 4 and Doc. 1, Ex. 2).  *See Com. v. Albritton*, 995 A.2d 350 (Pa. 2010)(Table).[9]

---

[8] Respondents' Statement of Facts in their Motion (Doc. 13, p. 4, ¶ 9.) incorrectly indicates that April 27, 2009 was the filing date of Petitioner's appeal his PCRA Petition to the Superior Court of Pennsylvania.  In fact, Petitioner 's CCP docket sheet indicates that on February 17, 2009, Petitioner filed an appeal from the CCP's January 16, 2009 decision denying his PCRA Petition to the Superior Court of Pennsylvania.  Also, as noted above, Respondents incorrectly stated that Petitioner filed a direct appeal of his October 19, 2006 judgment of sentence with the Pennsylvania Superior Court on April 16, 2006.  (Doc. 15, p. 2, ¶ 3.).  We note that Respondents should more carefully review their filings especially since the dates in this case are relevant as to the timeliness issue.

[9] Petitioner also indicates that he filed a second PCRA Petition with the CCP and that it was denied.  (Doc. 1, p. 5).  Petitioner states that he filed an appeal with the  Superior Court of Pennsylvania, case number 1632 M.D.A. 2010, and that he is presently awaiting a decision from the appellate court.  Regardless, we note that only properly filed state court appeals toll Petitioner's AEDPA 1-year statute of limitations. *See* 28 U.S.C. §2244(d)(2).  Petitioner's second PCRA Petition

On May 2, 2011, Petitioner filed the instant §2254 habeas petition with this federal court. (Doc. 1).[10]

## III.  Discussion.

As stated, on May 10, 2011,  the Court issued a Show Cause Order directing the Clerk to serve a copy of the original Petition (Doc. 1), together with the Order, on the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Mifflin County, directing the Respondents to file an answer to the Petition, and directing Respondents to file a Brief in support of their Response within twenty days of the date of the Order. (Doc. 10).  Also, as stated, on July 15, 2011, Respondents filed a Rule 12(b)(6) Motion to Dismiss Petitioner's habeas petition as untimely. Respondents contend that Petitioner's habeas petition was filed on May 6, 2011, fourteen (14) days after the AEDPA 1-year statute of limitations expired.[11]

---

does not appear to be a properly filed state court appeal.  There is 1-year deadline for filing an application for relief under the Pennsylvania Post Conviction Relief Act (PCRA).  *See* 42 Pa.C.S. § 9545(b).  "In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final."  *Derk v. PA State Attorney General*, 2010 WL 2925017, *3 (M.D. Pa. 7-20-10).

[10]As noted above, we agree with Petitioner (Doc. 21, p. 5) and utilize the date Petitioner signed his habeas petition.

[11]Even though we  utilized the prison mailbox rule with respect to determining the filing date of Petitioner's habeas petition, *i.e.* May 2, 2011, Respondents' position is not substantially affected as we find that Petitioner's habeas petition was filed nine (9) days after the AEDPA 1-year statute of limitations expired instead of 14 days as Respondents state.  We also note that Petitioner concedes his habeas petition was not timely under the AEDPA 1-year statute of limitations but he disagrees with how many days late it was filed since he asserts the prison mail box rule should apply to the date of filing for his PCRA Petition, thus reducing the days his habeas petition was untimely by 5 days.  Regardless of the number of days Petitioner 's habeas petition was untimely, we find that he is entitled to equitable tolling of the 1-year AEDPA statute of limitations.

Since Petitioner Albritton's habeas petition was filed in May 2011, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *i.e.* April 24, 1996, as both parties recognize, the AEDPA is applicable to his case. *See Werts v. Vaughn*, 228 F. 3d 178, 195 (3d Cir. 2000); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *3 (E.D. Pa. 1-28-10).

*A. Timeliness*

The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d). *See also Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *4.

The Court in *Rhodes v. Winstead*, 2010 WL 936763, at *16 (W.D.Pa. 2010), stated:

> Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgement became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for § 2254 habeas petitions.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable period in the instant matter is the date that Petitioner's judgment of sentence became final.  *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir.1999); *Derk v. PA State Attorney General*, 2010 WL 2925017, *3("the time for filing a federal habeas petition begins to run when the judgment of sentence becomes final.").  Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period.  *Id. See also* 28 U.S.C. § 2244(d)(2).

In his habeas petition, Petitioner did not provide a response regarding the timeliness of his petition, leaving the space blank in that section. (Doc. 1, p. 13).  Respondents, as indicated, filed a Motion to Dismiss Petitioner's habeas petition (Doc. 13) arguing that it is untimely. (Doc. 15, p. 5). As mentioned, Petitioner filed a Motion for an Extension of Time, in part, to respond to Respondents' Motion to Dismiss.  (Doc. 19).  As stated, on July 28, 2011, we issued an Order and granted, in part, Petitioner's Motion for an Extension of Time to respond to Respondents' Motion to Dismiss and to address the timeliness of his habeas petition.  (Doc. 20).  Petitioner filed his

11

Response to Respondents' Motion to Dismiss on July 29, 2011. (Doc. 21). Petitioner concedes that his habeas petition was not timely filed but he contends that he is entitled to equitable tolling for the period from April 6, 2011, when he was placed in the RHU at SCI-Forest without his legal material until May 2, 2011, when he was able to sign his habeas petition and put it in the prison mail box. Thus, as required, Petitioner has been given notice of the timeliness issue and he has been afforded an opportunity to address it. *See Day v. McDonough*, 547 U.S. 198 (2006)(district courts may consider, *sua sponte*, the timeliness of a §2254 habeas petition); *Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004)("a federal magistrate judge may raise the AEDPA statute of limitations issue [*sua sponte*] in a Report and Recommendation.").

> In their Motion to Dismiss and Brief, Respondents argue:
>
> A case becomes final on direct review when either the U.S. Supreme Court denies a petition for certiorari seeking review of the Pennsylvania Supreme Court's decision, or when the 90-day period for filing a petition for certiorari from that decision expires (in cases where no petition is filed). *Karpal v. United States*, 166 F.3d 565 (3d Cir. 1999). In Pennsylvania, it is the same date that triggers the 1-year deadline for filing an application for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S § 9541 *et seq*. See 42 Pa.C.S. § 9545(b)(3). (In non-capital cases where a petition for allowance of appeal is not filed in the Pennsylvania Supreme Court after a ruling by Superior Court, a defendant's judgment becomes final thirty (30) days after entry of Superior Court's judgment. Ninety (90) days are not added, because, with respect to the lower court rulings subject to discretionary review by a state's highest court, certiorari is only available if there is a denial of a request for discretionary review. See Sup.Ct.R. 13.1).

(Doc. 13, pp. 5-6; Doc. 15, pp. 4-5).

Respondents state that Petitioner's judgment of sentence became final thirty (30) days after the Pennsylvania Superior Court affirmed the sentence order of the trial court, *i.e.* thirty days after October 24, 2007, which is November 23, 2007. (Doc. 13, p. 3). Respondents state that since

Petitioner Albritton did not filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court after the Pennsylvania Superior Court affirmed his judgment of sentence on direct review, Petitioner's judgment of sentence became final upon the expiration of the thirty (30) day deadline for filing a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.   Thus, Respondents state that Petitioner's AEDPA statute of limitations began to run on November 23, 2007, and that it ran for thirteen (13) days until December 6, 2007, when Petitioner timely filed his first PCRA Petition.   Petitioner contends that his AEDPA statute of limitations ran seven (7) days since under the prison mailbox rule, his PCRA Petition should be deemed as filed with the CCP on December 1, 2007.   (Doc. 22).   As stated above, we have not found any cases in which the district court applied the prison mailbox rule to the inmate's filings in his underlying state court case for purposes of determining whether his §2254 habeas petition was filed in one year statute of limitations under AEDPA.   Also, as stated, we do not find that Plaintiff has shown he put his PCRA petition in the prison mail box on December 1, 2007, as he alleges he did.

We concur with Respondents that Petitioner's judgment of sentence became final thirty (30) days after the Pennsylvania Superior Court affirmed the sentence order of the trial court, *i.e.* November 23, 2007.   Indeed in his recent Doc. 22 filing, at page 2, Petitioner concedes that his judgment of sentence became final on November 23, 2007.   In *Cotto v. Murray*, 2011 WL 1118724, *1 (W.D. Pa. 3-24-11), the Court found that since its Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on direct appeal after the Pennsylvania Superior Court denied Petitioner's appeal of his judgment of sentence, Petitioner's judgment of sentence became final on "the date on which the 30-day period to do so expired."   The *Cotto* Court cited to

13

Pa.R.A.P 1113 and to *Swartz v. Meyers*, 204 F. 3d 417, 419 (3d Cir. 2000)("a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review."). *See also Fletcher v. Lawlor*, 2011 WL 1288689, *2(since Petitioner did not seek review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his judgment of sentence, for purposes of §2244(d)(1)(A), Petitioner's conviction became final when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired); *Starkey v. Cameron*, 2010 WL 5575288, *2 (E.D. Pa. 12-23-10), adopted by 2011 WL 1583872 (E.D.Pa. 4-25-11)(the judgment of conviction of Petitioner became final when the time for seeking allowance of appeal in the PA Supreme Court expired under Pa.R.A.P. 1113(a)(Petition for Allowance of Appeal must be filed within 30 days). Compare *Pabon v. Mahanoy*, 2011 WL 2685586, *11 (3d Cir. 7-12-11)(since Petitioner **sought review on direct appeal in the PA Supreme Court after the PA Superior Court affirmed his judgment of sentence**, "[Petitioner] Pabon's conviction became final on August 12, 2002, when the time expired for seeking *certiorari* for direct review by the United States Supreme Court.")(emphasis added) citing *Kapral v. U.S.*, 166 F.3d 565, 567 (3d Cir. 1999).

Thus, we agree with Respondents and do not find that Petitioner's judgment of sentence became final ninety (90) days after the Pennsylvania Superior Court affirmed the sentence order of the trial court, *i.e.* ninety days after October 24, 2007, which is January 22, 2008.  Rather, as Respondents state, since Petitioner did not seek review on direct appeal in the Pennsylvania Supreme Court after the Pennsylvania Superior Court affirmed his judgment of sentence on October 24, 2007, for purposes of §2244(d)(1)(A), Petitioner's conviction became final on November 23, 2007, when the 30-day deadline for seeking review in the Pennsylvania Supreme Court expired.

*See Fletcher v. Lawlor*, 2011 WL 1288689, *2; *Starkey, supra*.   Therefore, we find that 13 days ran on Petitioner's AEDPA statute of limitations prior to the time he filed his first PCRA Petition on December 6, 2007.  Petitioner had no state court appeal, either direct or collateral, pending during this 13-day period.  Thus, Petitioner is not entitled to any tolling of his AEDPA SOL during this 13 days.  *See Fletcher v. Lawlor*, 2011 WL 1288689, *2.[12]

As stated, Petitioner's judgment of sentence became final on November 23, 2007, *i.e.* 30 days after the Pennsylvania Superior Court denied Petitioner's direct appeal of his judgment of sentence, and Petitioner's AEDPA statute of limitations ("SOL") ran for 13 days until December 6, 2007, when Petitioner timely filed his first Post Conviction Relief Act ("PCRA") Petition with the CCP.  Petitioner's SOL was statutorily tolled on December 6, 2007, when he timely filed his PCRA petition with the CCP, and it was tolled until his PCRA Petition was finally denied by the Pennsylvania Supreme Court on May 5, 2010.  (Doc. 1,  p. 5). *See* 28 U.S.C. § 2244(d)(2).[13] Petitioner's SOL then began to run on May 6, 2010, since he had no other properly filed state court appeals pending at this time or thereafter.[14]

_____

[12]As stated above, Petitioner contends that only about 8 days ran on his AEDPA statute of limitations up to the time he filed his first PCRA Petition, which under the prison mailbox rule should be construed as on December 1, 2007.  (Doc. 22).

[13]  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." 28 U.S.C. § 2244(d).

[14]We do not afford Petitioner an additional 90 days in which he could have filed a Petition for Writ of *Certiorari* with the U.S. Supreme Court after the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal of his PCRA Petition on May 5, 2010. This extra 90-day period only applies to direct appeals when Petitioner files a Petition for Allowance of Appeal with the PA Supreme Court.  It does not apply to collateral appeals. *See Polanco v. Varano*,

Petitioner's AEDPA SOL would expire one year from May 6, 2010, *i.e.* May 6, 2011, less any time that had previously run on his SOL.  Petitioner's SOL ran uninterrupted until May 2, 2011, when he filed his instant habeas petition.  (Doc. 1).  Therefore, we find that Petitioner's habeas petition was not timely as it was filed nine (9) days after his 1-year[15] deadline for filing a petition under the provision of 2244(d)(1)(A).[16]

---

2009 WL 3719646, *3 (E.D. Pa. 11-4-09) citing *LaCava v. Kyler*, 398 F. 3d 271, 274 (3d Cir. 2005)("the time during which a state prison may file *certiorari* petition in the United States Supreme Court from the denial of state post-conviction petition does not toll statute of limitations").

[15] Our discrepancy with Respondents' conclusion that Petitioner filed his habeas petition fourteen days after the 1-year statutory deadline expired results from our accepting Petitioner 's habeas petition as being filed on May 2, 2011, as opposed to May 6, 2011, under the prison mailbox rule.  *See Morton, supra*.  Also, in his Doc. 22 Motion, Petitioner states that if the prison mailbox rule applies to his PCRA Petition he filed in state court, then his habeas petition is only untimely by 3 or 4 days.    Regardless, we agree with Respondents that Petitioner 's habeas petition is untimely.

[16] We reviewed http://ujsportal.pacourts.us/DocketSheets/CP.aspx and http://ujsportal.pacourts.us/DocketSheets/Appellate.aspx. Petitioner filed his second PCRA Petition on June 23, 2010, which the CCP denied on September 7, 2010.  Petitioner appealed that decision to the Superior Court of Pennsylvania on October 4, 2010.  Petitioner states that he is awaiting a decision on his appeal.  However, we note that Petitioner's conviction became final on November 23, 2007.  Thereafter, Petitioner had one year to file a PCRA petition, and, clearly, Petitioner's June 23, 2010 second PCRA petition is untimely and not properly filed.  *See Simmons v. Varand*, 2011 WL 1457139 (M.D.Pa., 2011).  In *Simmons*, the Court stated:

> We note that none of Simmons' other post-conviction petitions can be deemed "properly" filed for purposes of tolling the statute of limitations.  "Properly filed" petitions for post-conviction relief are ones that are submitted according to the state's procedural requirements, such as rules governing time and place of filing.  See *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998).  All of the post-conviction petitions filed by Simmons, with the exception of the first one, were dismissed as untimely or for the lack of jurisdiction.  Therefore, none of the later post-conviction petitions can serve to toll the statute of limitations.

In his Response to Respondents' Motion to Dismiss as well as in his Doc. 22 Motion, Petitioner concedes that his habeas petition was not timely filed.   (Doc. 21, p. 5).   However, Petitioner contends that he "is entitled to the principles of equitable tolling for filing his federal habeas petition ten (10) days after the filing deadline." (*Id*.).   Petitioner states as follows:

> In the instant habeas case, Albritton is entitled to equitable tolling because of "governmental obstruction" which prevented him from timely filing his habeas petition on or before the April 22, 2001, filing deadline.   Specifically, while in the process of preparing the instant habeas petition for filing, Albritton was given a misconduct report on April 16, 2011, for violating prison rules.   (See Misconduct Report, 4/6/11, appended as Exhibit "A"), and he was moved from his population cell on April 6, 2011, to the Restricted Housing Unit (hereafter "RHU") and all his personal property, including the paperwork related to filing the instant habeas petition was confiscated from him and placed in the RHU storage room.   (See Albritton's Declaration, 7/20/11 para. 1, appended as Exhibit B).
>
> On the date of April 7, 2011, Albritton sent RHU Lt. Murin a written request slip to retrieve his legal papers related to the instant habeas petition.   In the request, he specifically explained to Lt. Murin that he has a filing deadline on April 22, 2011, in which, to file the instant habeas corpus petition.   (See Request Slip, 4/7/11, appended as Exhibit "C").   On April 14, 2011, Albritton once again sent RHU Lt. Murin a request slip to retrieve his legal paperwork from the R.H.U. storage room, in which, he specifically explained to Lt. Murin that he needed his legal paperwork to meet an April 22, 2011, filing deadline to file a federal habeas corpus petition.   (See Request Slip 4/14/11, as appended as Exhibit "D").   Despite Albritton's efforts to retrieve his legal paperwork related to the instant habeas petition, it was not returned to him until April 27, 2011.   (See Albritton's Declaration, 7/30/11, Exhibit "B").

(Doc. 21, pp. 6-7).

Further, Petitioner states that he "is entitled to equitable tolling for the period of time which his legal papers were in the custody of RHU prison staff, and he relies upon *Robinson v.*

*Johnson*, 313 F.3d 128 (3d Cir. 2002), for support.  (*Id*., p. 7).  As stated, Respondents did not file

a reply brief with respect to their Motion to Dismiss., despite being afforded time to do so.

We now discuss whether equitable tolling applies in this case.

In *Starkey*, 2010 WL 5575288, *3, the Court stated:

> The Supreme Court has held that the federal habeas statute of
> limitations is subject to equitable tolling in only extraordinary circumstances.
> *See Holland v. Florida,* --- U.S. ----, ----, 130 S.Ct. 2549, 2562, 177
> L.Ed.2d 130 (2010); *see also Miller,* 145 F.3d at 618. In particular, a
> petitioner " 'is entitled to equitable tolling' only if he shows '(1) that he
> has been pursuing his rights diligently, and (2) that some
> extraordinary circumstance stood in his way' and prevented
> timely filing." *Holland,* 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo,*
> 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphases
> added); *see also Lawrence v. Florida,* 127 S.Ct. 327, 1085 (2007)
> (quoting *Pace,* 125 S.Ct. at 1814) (observing that a litigant seeking
> equitable tolling bears the burden of establishing "that he has been
> pursuing his rights diligently" and that "some extraordinary circumstance
> stood in his way") (emphasis added); *Merritt,* 326 F.3d at 168 (citing *Fahy
> v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944, 122
> S.Ct.  The law is clear that courts must be sparing in their use of equitable
> tolling." *See Jones,* 195 F.3d at 159 (quoting *Seitzinger v. Reading Hosp.
> & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999)) (emphasis added).

Petitioner does not give any reasons for the eleven (11) month delay from May 5, 2010,

when the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal regarding his

PCRA Petition (Doc. 13, p. 4 and Doc. 1, Ex. 2) to April 6, 2011, when he was  placed in the RHU

at SCI-Forest.  Petitioner had no properly filed state court appeal pending during this time.  As noted

above, we do not find that Petitioner's second PCRA Petition was properly filed since it was not

timely under the Pennsylvania Rules, and we do not find that Petitioner's second PCRA petition

tolled his SOL.  Also, Petitioner inexplicably waited 11 months to file his habeas petition from the

May 5, 2010 Pennsylvania Supreme Court Order denying his Petition for Allowance of Appeal with

respect to his PCRA Petition, until April 6, 2011, when he was  placed in the RHU at SCI-Forest. This inordinate delay, coupled with the 13 days which ran between the time Petitioner's judgment of sentence became final and the time he filed his first PCRA Petition, as discussed, undisputedly rendered Petitioner's Habeas Petition filing beyond the one-year statute of limitations.  Petitioner knew of his instant habeas claims pertaining to alleged ineffective assistance of trial counsel at the time he received the May 5, 2010 decision from the Pennsylvania Supreme Court, and he could have still timely filed his habeas petition at this time and during the 11 months thereafter, up to April 6, 2011, the day he was placed in the RHU.  However, Petitioner waited until April 7, 2011 to request prison staff to give him his legal work contained with his personal property, to try and timely file his habeas petition, and he offers no valid explanation for this 11-month delay.  In short, Petitioner has failed to show that he exercised reasonable diligence during the 11-month period from the May 5, 2010 decision from the Pennsylvania Supreme Court to April 6, 2011.  *See Alicia v. Karestes*, 389 Fed. Appx. 118, 122 (3d Cir. 2010)("The obligation to act diligently pertains to both the federal habeas claim and the period in which the Petitioner exhausts state court remedies, and the court may consider the time of filing the habeas petition as a factor in determining reasonable diligence.")(citation omitted)(Non-Precedential); *Morris v. Mazurkiewcz*, 2011 WL 2708498, *3 (E.D. Pa. 6-8-11) adopted by 2011 WL 2709181 (E.D. Pa. 7-11-11).

Petitioner does not contend that he did not have access to his legal material during this time of 11 months from May 5, 2010 until April 6, 2011.  Rather, Petitioner only provides reasons for the delay in filing his habeas petition from April 6, 2011, when he was placed in the RHU at the prison until May 2, 2011, when he filed the instant §2254 habeas petition with this federal court.

(Doc. 1).  In fact, Petitioner's own exhibits show that he was not placed in the RHU at SCI-Forest

until April 6, 2011.  Petitioner also notes in his Declaration that his "habeas corpus petition was

substantially completed before [he went] to the RHU on April 6, 2011, in which the only thing [he]

had to do was finish handwriting a couple pages ... ."  (Doc. 21, Ex. B, p. 3, note).  Also, Petitioner's

exhibits, namely, his Declaration (Doc. 21, Ex. B), show that he received his legal materials during

his stay in the RHU on April 29, 2011.  Petitioner's exhibits show that he used due diligence in trying

to file his habeas petition timely for the period from April 7, 2011, when he wrote his first request

slip after he was confined in the RHU, until May 2, 2011, when he signed his habeas petition.  As

stated, we do not find that Petitioner exercised reasonable diligence during the 11-month period

from the May 5, 2010 decision from the Pennsylvania Supreme Court to April 6, 2011.  Petitioner

states that his habeas petition was filed ten days after his AEDPA SOL expired, but he has shown that

he was prevented from timely filing it by the April 22, 2011 deadline  since he did not have his legal

materials from April 7, 2011 through April 29, 2011.

In *Pabon v. Mahanoy*, 2011 WL 2685586, *12, (3d Cri. 7-12-11), the Third Circuit Court

recently stated:

> In determining whether equitable tolling should be granted, we address
> two questions: (1) whether the petitioner faced extraordinary circumstances
> that stood in the way of timely filing; and (2) whether he or she
> exercised reasonable diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418,
> 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Merritt v. Blaine*, 326
> F.3d 157, 168 (3d Cir.2003) (same). In *Holland v. Florida* the Supreme
> Court confirmed that equitable tolling may be applied to AEDPA's
> statutory limitations period. —— U.S. ——, ——, 130 S.Ct. 2549, 2560,
> 177 L.Ed.2d 130 (2010)FN20
> There are no bright lines in determining whether equitable tolling is
> warranted in a given case. Rather, the particular circumstances of
> each petitioner must be taken into account. *Id.* at 2563. As *Holland* explains,
> while prior decisions provide guidance, rigid reliance on precedent

should be avoided.  *Id.*   In each case, there is a need for  "flexibility," "avoiding 'mechanical rules,' " and "awareness ...
that specific circumstances, often hard to predict in advance, could warrant  special treatment in an appropriate case." *Id.* (internal citation omitted). FN21
In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998); *see also LaCava v. Kyler,* 398 F.3d 271, 275 (3d Cir.2005). However, courts need to be "sparing in their use of" the doctrine. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

(Footnotes omitted).

In *Pabon*, the Court found that the "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling."  *Id.* at *13.   The *Pabon* Court noted that "the relevant inquiry is not whether the circumstances alleged to be extraordinary is unique to the Petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline."  *Id.*  Based on *Pabon*, we find that Petitioner Albritton has shown extraordinary circumstances during the period of April 6, 2011 until April 29, 2011, when he did not have his legal materials in the RHU.  However, as stated, we do not find that Petitioner Albritton exercised reasonable diligence during the 11-month period from May 5, 2010 to April 6, 2011.

The Court in *Pabon v. Mahanoy*, 2011 WL 2685586, *12, also stated:

Even if a petitioner has faced extraordinary circumstances, he must also "exercise[ ] reasonable diligence in ... bringing [the] claims." *Miller,* 145 F.3d at 618–619 (internal quotation marks omitted). The Supreme Court addressed reasonable diligence in *Holland,* explaining that "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' ... not 'maximum feasible diligence.' " 130 S.Ct. at 2565 (internal citations omitted). Our Court has established a similar standard. "Due diligence does not require 'the maximum feasible diligence;' " "it does

require reasonable diligence in the circumstances." *Schlueter v. Varner,*
384 F.3d 69, 74 (3d Cir.2004) (internal citations omitted); *see also LaCava,*
398 F.3d at 277.

We agree with Petitioner Albritton and find extraordinary circumstances in this case which prevented Petitioner from filing a timely habeas petition during the period from April 6, 2011 until April 29, 2011, when he did not have his legal materials in the RHU.   Thus, we find that Petitioner has shown extraordinary circumstances which prevented him from timely filing his habeas petition.   We also find, based on *Pabon*, that Petitioner exercised due diligence during the time of April 7, 2011 through April 29, 2011, to try and timely file his habeas petition on or before April 22, 2011.   Through his Declaration and other exhibits, Doc. 21, Exs. A-D, Petitioner has shown that he made repeated requests for his legal materials while in the RHU commencing on April 7, 2011, and that despite his best efforts, he did not receive his materials until April 29, 2011, after the SOL undisputedly expired.   Additionally, Petitioner's habeas petition was only untimely by nine (9) days.

Thus, Petitioner has offered sufficient reason and he has made a sufficient showing through his exhibits (Doc. 21, Exs. A-D) to justify equitable tolling.   We  find that Petitioner has in some way been extraordinarily prevented from asserting his claims and that he used reasonable diligence from April 7, 2011 through April 29, 2011 in bringing his claims.

Based on the above reasons, we find that the Petitioner has shown extraordinary circumstances or that "the principles of equity would make the rigid application of a limitation period [§ 2241(d)(1)] unfair."  *Miller,* 145 F. 3d at 618.  We find that equitable tolling of the AEDPA statute of limitations is warranted in this case.

Thus, we find that extraordinary circumstances prevented Petitioner from timely filing his habeas petition.  We find that Petitioner's present habeas petition, while untimely, should not be dismissed as Respondents contend pursuant to 28 U.S.C. §2244(d)(1)(A), based on equitable tolling.

Accordingly, we will recommend that Respondents' Motion to Dismiss (Doc. 13)  be denied.

## IV.  Recommendation.

Based on the foregoing, it is respectfully recommended that Respondents' Motion to Dismiss **(Doc. 13)** be denied.  It is also recommended that Petitioner's **(Doc. 17)** Motion for an Evidentiary Hearing be dismissed without prejudice as premature until Respondents respond to the merits of Petitioner's habeas claims, and that Petitioner's **(Doc. 22)** Motion for an Evidentiary Hearing be denied as moot.  Further, it is recommended that this case be remanded to the undersigned so that Respondents can be directed to respond to the merits of Petitioner's habeas claims.



**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 2, 2011**

23

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONNIE ALBRITTON,          :      CIVIL ACTION NO. **1:CV-11-0869**
                         :
       Petitioner     :      (Judge Caldwell)
                         :
       v.           :      (Magistrate Judge Blewitt)
                         :
DEBRA K. SAUERS, et al.,    :
                         :
      Respondents   :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 2, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                        **s/ Thomas M. Blewitt**

                                        **THOMAS M. BLEWITT**

                                        **United States Magistrate Judge**


**Dated: September 2, 2011**