IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE ALBRITTON, | : | CIVIL ACTION NO. **1:CV-11-0869** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DEBRA K. SAUERS, et al., | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On May 2, 2011[1], Petitioner, Ronald D. Albritton, an inmate at the State Correctional

Institution at Smithfield, ("SCI-Smithfield"), filed a Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254. (**Doc. 1**).  Petitioner attached exhibits to his habeas petition, namely copies of his

state court records.  Petitioner filed Motion for Leave to Proceed *in forma pauperis* on May 6, 2011

(Doc. 6), which this Court granted on May 10, 2011.  (Doc. 5).

In his habeas petition, Petitioner challenges his July 13, 2006 conviction and October

19, 2006 sentence of eight and one half years to seventeen years in a state correctional institution

imposed by the Court of Common Pleas of Mifflin County ("CCP"), Lewistown, Pennsylvania, for

three counts of sexual assault, one count of aggravated indecent assault, three counts of corruption

of minors and one count of indecent assault.  (Doc. 1, p. 1; Doc. 25, p. 1 ).  In his habeas petition,

---

[1]The Habeas Corpus Petition was signed by the Petitioner on May 2, 2011. (Doc. 1).
Thus, as Petitioner recognizes (Doc. 21, p. 5), under the prison mailbox rule, we construe
Petitioner's instant Habeas Petition as being filed on May 2, 2011.  *See Bond v. VisionQuest*, 410
Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL
411766, *6, n. 3 (E.D. Pa. 1-28-10).

Petitioner raises six grounds alleging ineffective assistance of trial counsel.  Specifically, Petitioner asserts the following ineffective assistance of trial counsel claims in his habeas petition:

(1) Defense counsel was ineffective when he failed to cross-examine Commonwealth's witness Raymond J. Sassaman, III, specifically regarding his false testimony that the defendant confessed to him while being cellmates in an Restricted Housing Unit ("RHU") cell; (2) Defense counsel failed to object to Police Sgt. Carter's inadmissible lay person's hearsay testimony regarding the contents and meaning of the medical report, produced by a physician and counsel at the Children's Resource Center ("CRC"); (3) Defense counsel failed to object to District Attorney Snook's ("D.A. Snook") false remarks, during his summation regarding Commonwealth witness Raymond J. Sassaman, III, that: "He's got no bias.  He's got not prejudice;" (4) Trial counsel failed to request and/or obtain the following items of vital pretrial discovery: two combined] written reports by the examining physician at CRC; Raymond Sassaman, III, handwritten note to D.A. Snook; (5) Trial counsel was ineffective when he failed to object, following the summation statement by the District Attorney, that "because of the surgery now that she's (the alleged victim) examined doctors look and see different clefts, but because of the surgery they can't agree this is because it was penetrated with an object.  It could be and it could not be.  What they say is gee, the exam is consistent with what she says.  There nothing in the exam that rules it out." (Trial Transcripts page 179 lines 17-23); and (6) Trial counsel elicited completely inadmissible lay person's hearsay testimony evidence from Police Sgt. Carter regarding a physical examination of the victim (Trial Transcripts page 138 lines 10-19).  (Doc. 1).

As relief in his habeas petition, Petitioner requests the Court to order a new trial with the Court of Common Pleas ("CCP") or to order his release one hundred twenty days (120) days after an order is issued granting him a new trial.  (Doc. 1, p. 15).

On May 10, 2011, we issued an Order pursuant to *U.S. v. Miller*, 197 F. 3d 644 (3d Cir. 199) and *Mason v. Meyers*, 208 F. 3d 414 (3d Cir. 2000), directing Petitioner to complete and file the attached Notice of Election.  (Doc. 4).  Petitioner filed his completed Notice of Election on June 20, 2011, and elected to have his habeas petition ruled on as filed. (Doc. 12).  Also, on May 10, 2011, we issued an Order granting Petitioner's *in forma pauperis* motion and directing Respondents to file their Response to the habeas petition and a Brief.   (Doc. 5).

On June 7, 2011, Petitioner filed additional exhibits in support of his habeas petition, which are additional copies of his state court records.  (Doc. 10).[2]

On June 2, 2011, Respondents filed a Motion for an Extension of Time (Doc. 8) to file an answer responding to Petitioner's Habeas Corpus Petition (Doc. 1), which we granted on June 6, 2011. (Doc. 9).

On July 15, 2011, after being granted an extension of time, Respondents filed a Motion to Dismiss Petitioner's habeas petition for failure to state a claim under Fed.R.Civ.P. 12(b)(6) (Doc. 13), along with a Memorandum of Law in Support of said Motion (Doc. 15).  Also, on July 15, 2011, Respondents filed a Motion to Defer any Further Response by them to the habeas petition until the

---

[2]The Clerk of Court erroneously docketed Petitioner's additional exhibits as a Memorandum of Law.  (Doc. 10).

Court decides their Motion to Dismiss. (Doc. 14). On July 18, 2011, we granted Respondents' Doc. 14 Motion. (Doc. 16).

On July 19, 2011, Petitioner filed a Motion for an Evidentiary Hearing with attached exhibits. (Doc. 17). On July 25, 2011, Petitioner filed a Motion for Enlargement of Time of 45 days until August 30, 2011, to respond to Respondents' Motion to Dismiss and Respondents' Motion to Defer any Further Response. (Doc. 19). On August 8, 2011, Petitioner filed a second Motion for an Evidentiary Hearing with an attached exhibit. (Doc. 22).

On September 2, 2011, we issued a Report and Recommendation recommending that Respondents' motion to dismiss (Doc. 13) be denied and found that Petitioner's habeas petition was not timely filed, but that Petitioner is entitled to equitable tolling of the AEDPA statute of limitations. We also recommended that Petitioner's (Doc. 17) Motion for an Evidentiary Hearing be dismissed without prejudice as premature, and that his (Doc. 22) Motion for an Evidentiary Hearing be denied as moot. (Doc. 23). On September 23, 2011, the Court adopted our report and recommendation denying Respondents' motion to dismiss and Petitioner's motions for evidentiary hearings. (Doc. 25).

On December 5, 2011, Petitioner filed a Motion for an Evidentiary Hearing with attached exhibits which will also be addressed in this report. (**Doc. 34**). On February 8, 2012, Respondents filed a response to Petitioner's motion for an evidentiary hearing. (Doc. 46). After Petitioner was granted an extension of time, on February 22, 2012 Petitioner filed a Traverse with exhibits. (Docs. 48 & 49).

**II. State Procedural Background.**

Petitioner, after a jury trial, was convicted on three counts of sexual assault, one count of aggravated indecent assault, three counts of corruption of minors and one count of indecent assault on July 13, 2006, in the Court of Common Pleas of Mifflin County. (Docs. 1 &  21). Petitioner was sentenced to eight and one-half years to seventeen years in prison on October 19, 2006. (Doc. 1, p. 1 & Doc. 21).

Subsequently, Petitioner timely filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania.  (Doc. 1, p. 3 & Doc. 13, p. 3).  According to the  Mifflin CCP docket sheet in Petitioner's case, which we accessed at http://ujsportal.pacourts.us, the date Petitioner filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania was November 17, 2006.

On October 24, 2007, the Superior Court of Pennsylvania affirmed Petitioner's Judgment of Sentence of the trial court. (Doc. 1, p. 2).  Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

On December 6, 2007, Petitioner, *pro se*, filed a Petition for Post Conviction Collateral Relief ("PCRA"), which the Mifflin County Court of Common Pleas ("CCP") denied on January 16, 2009. (Doc. 1, p. 3).

On February 17, 2009, Petitioner filed an appeal from the CCP's January 16, 2009 decision denying his PCRA Petition to the Superior Court of Pennsylvania. (Doc. 1, p. 3).  On November 2, 2009, the Superior Court of Pennsylvania affirmed the CCP's Order of  January 16,

2009 denying Petitioner's PCRA Petition. (Doc. 1, p. 3; Doc. 1, Ex. 1).  *See Com. v. Albritton*, 988

A.2d 713 (Pa.Super. 2009)(Table).

On December 1, 2009, Petitioner filed a Petition for Allowance of Appeal from the

Order of the Superior Court of Pennsylvania entered on November 2, 2009, with the Supreme

Court of Pennsylvania.  (Doc. 13, p. 4).  On May 5, 2010, the Supreme Court of Pennsylvania

denied the Petition for Allowance of Appeal. (Doc. 13, p. 4 & Doc. 1, Ex. 2).  *See Com. v. Albritton*,

995 A.2d 350 (Pa. 2010)(Table).[3]

On May 2, 2011, Petitioner filed the instant §2254 habeas petition with this federal

court. (Doc. 1).[4]  On May 10, 2011,  the Court issued a Show Cause Order directing the Clerk to

serve a copy of the original Petition (Doc. 1), together with the Order, on the Attorney General of

the Commonwealth of Pennsylvania and the District Attorney of Mifflin County, directing the

Respondents to file an answer to the Petition, and directing Respondents to file a Brief in support

of their Response within twenty days of the date of the Order. (Doc. 10).  After the motion to dismiss

was decided by the Court, on November 23, 2011, Respondents filed a response to the habeas

petition. (Doc. 32).  On February 22, 2012, Petitioner filed a Traverse and exhibits.  (Docs. 48 &

49).

---

[3]Petitioner also indicates that he filed a second PCRA Petition with the CCP and that it was denied.  (Doc. 1, p. 5).  Petitioner states that he filed an appeal with the  Superior Court of Pennsylvania, case number 1632 M.D.A. 2010, and that he is presently awaiting a decision from the appellate court.  The Docket currently shows that the Superior Court affirmed the decision of the trial court on September 20, 2011.  (See Court of Common Pleas of Mifflin County Docket CP-44-CR-0000659-2005).

[4]As noted above, we agree with Petitioner (Doc. 21, p. 5) and utilize the date Petitioner signed his habeas petition.

**III. Standard of Review.**

Review of the Petitioner's habeas claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. "A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a

conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*).  A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps.  First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888  (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)).  Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established,"  the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule.  *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

**IV. Discussion.**

A claim of ineffective assistance is governed by the two-prong test set forth by the Supreme Court in *Strickland*: "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052). The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id.* at 686. The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id.* It is well established that counsel cannot be ineffective for failing to raise a meritless claim. *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *Peroza-Benitez v. Lawler*, 2011 WL 744762, *3 (E.D. Pa. 2-9-11)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The Court in *Grant v. Wilson,* 2009 WL 222945, *6 (W.D. Pa. 1-29-09), stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000). In light of the strong presumption of counsel's effectiveness and the objective reasonableness standard, the Court of Appeals for the Third Circuit

has explained, "[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (*quoting United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989)).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687.

Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Harrington v. Richter,* --- U.S., ----, ---- - ----, 131 S.Ct., 770, 777-78, --- L.Ed.2d, ----, ---- - ---- (2011)(citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

As the *Grant* Court, 2009 WL 222945, *6, pointed out:

In addition, in undertaking a prejudice analysis, the Court properly considers the strength of the evidence against the defendant because "... a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). The *Strickland* test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. *See Strickland,* 466 U.S. at 687; *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987). As a result, if a petitioner fails on either prong, he loses. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir.2000); *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

The *Grant* Court further stated:

"Th[e] Pennsylvania [ineffective assistance of counsel] standard has been found to be materially identical to the test enunciated in *Strickland v. Werts,* 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland,* and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.,* the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland."*

*Grant*, 2009 WL 222945, *8 *(citing Werts,* 228 F.3d at 204).

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claims under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant*, 2009 WL 222945, *8.

The Superior Court of Pennsylvania, in its November 2, 2009 decision affirming the trial court's judgment of sentence, entered after a jury trial, stated that Petitioner's allegations of ineffectiveness of trial counsel were analyzed as follows:

11

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court...viewed in the light most favorable to the prevailing party.

> \*\*\*

> To prevail on a claim that counsel was constitutionally ineffective, the [Appellant] must over come the presumption of competence by showing that: (1) his underlying claim is of arguable merit ; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy any prong of [this] test[,also referred to as the Pierce test,]...will require rejection of the claim. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (Pa. 1987).

> "In accord with these well-established criteria for review,[an appellant] must set forth and individually discuss substantively each prong of the [Pierce] test." *Commonwealth v. Fitzgerald*, 2009 Pa. Super 154, 156 (citations omitted).

(Doc. 32, Ex. #2, p. 2).

The Superior Court went on to state that Petitioner failed to adequately address any of the eight[5] separate claims of ineffective assistance of counsel to satisfy the prongs of the *Pierce* test. (*Id.*). The Court stated that Petitioner made broad generalizations and in his claims for failure of counsel to make an objection, he makes the general statement: "[a]s far as trial counsel not making the required objections during trial, these omissions were in no way a chosen course." (*Id.*). The Superior Court adopted the January 16, 2009 PCRA court opinion as its own. (*Id.*).

---

[5] Petitioner's Petition for Writ of Habeas Corpus contains six grounds for relief. (See Doc. 1).

As his ineffective assistance of counsel Ground One, Petitioner's claim is:

> Counsel's failure to cross examine Commonwealth witness Raymond J. Sassaman, III specifically regarding his testimony that Petitioner confessed to him while being cellmates in an RHU cell.

The Superior Court of Pennsylvania found that Petitioner's ineffective assistance of counsel claims were all without merit, specifically stating that Petitioner did not satisfy the prongs of the *Pierce* test-"(1) his underlying claim is of arguable merit ; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." *Pierce*, 515 Pa. at 158.  The Superior Court further noted that Petitioner made only broad generalizations in regard to his ineffective assistance of counsel claims.  (Doc. 32, Ex. #2, p. 2). Petitioner argues that defense counsel was ineffective for failing to cross-examine Mr. Sassaman because Petitioner claims that he and Mr. Sassaman were never incarcerated together in a state correctional institution.  However, the testimony of Mr. Sassaman reveals that they were incarcerated together in a RHU, he does not state that they were in a state correctional institute together and although the Judge would not allow specific testimony about incarceration, it appears from the record that Petitioner and Mr. Sassaman were in the Mifflin County Correctional Facility together.  (Doc. 32, Ex. 1, p. 152).  The defense counsel clearly cross-examined Mr. Sassaman on the details of the alleged confession.  (*Id.*, pp. 155-156).

Defense counsel clearly had a reasonable basis to avoid questioning Mr. Sassaman about the prison time he served with Petitioner as doing so may have prejudiced the jury against

Petitioner.  The PCRA court concluded that Petitioner was not prejudiced by defense counsel's failure to inquire about state incarceration.  (Doc. 32, Ex. 3, p. 16).

We agree with the Superior Court that Petitioner's claim lacks merit in light of the evidence of record.  Therefore, Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel and the Superior Court's decision was not contrary to Supreme Court precedents or unreasonable application of Federal law.  Therefore, we will recommend that Petitioner's claim one of his habeas petition be denied.

As his ineffective assistance of counsel Ground Two, Petitioner's claim is:

> Counsel's failure to object to Police Sgt. Carter's testimony regarding the medical report produced by the CRC in examining the victim.

Petitioner argues that defense counsel was ineffective for failing to object to police Sgt. Carter's inadmissible lay testimony regarding the medical report of the victim from the CRC.  The testimony shows that it is defense counsel asked Sgt. Carter to give an opinion on the outcome of the report which was allowed by the Court.  (Doc. 32, Ex. 1, p. 139).  The PCRA court concluded that the report did not prejudice Petitioner because it did not harm his case as the report indicated that Petitioner may have committed the alleged acts, but it also indicated that the doctor could not state definitively if the victim had sexual intercourse.  (Doc. 32, Ex. 3, pp. 15-16). The report did not definitively show that someone had raped the victim.  (*Id.*).  Therefore, there was a reasonable basis for the defense counsel's actions and Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel.  Thus, we recommend Petitioner's ground two claim be dismissed.

14

As his ineffective assistance of counsel Ground Three, Petitioner's claim is:

> Counsel's failure to object to the District Attorney's closing summation regarding Commonwealth witness Raymond Sassaman that he had no bias or prejudice.

Petitioner argues that defense counsel was ineffective for his failure to object to the statements made by the prosecutor in his closing argument stating, "he's got no bias. He's got no prejudice." (Doc. 32, Ex. 1, p. 184). The PCRA Court stated that a prosecutor can comment on a witnesses credibility and the comment is considered reasonable if the prosecutor does not assert a personal belief regarding credibility. *Commonwealth v. May*, 898 A.2d 559, 568 (Pa. 2006). The PCRA court noted further that the prosecutor made a reasonable comment regarding Mr. Sassaman's credibility because Petitioner's defense counsel attempted to impeach his credibility on cross-examination. (Doc. 32, Ex. 3, pp. 17). The Court also noted that Petitioner makes references in his claim to Mr. Sassaman having anti-African American tattoos, but does not present sufficient evidence to substantiate the claim for this claim of bias or prejudice. (*Id.*). We agree. The PCRA court's decision as adopted by the Superior Court was not contrary to Supreme Court precedents or unreasonable application of Federal law, therefore, we recommend that this claim be dismissed.

As his ineffective assistance of counsel Ground Four, Petitioner's claim is:

> Counsel's failure to obtain the CRC Report and hand written note sent to the District Attorney by witness Sassaman offering to testify.

Petitioner argues that defense counsel was ineffective for his failure to obtain the CRC Report and handwritten note sent to the prosecutor by Mr. Sassaman offering his testimony for the

trial.  The PCRA court found that defense counsel examined both of the documents at the District Attorney's Office.  (Doc. 32, Ex. 3, p. 4).  Also, as discussed above, defense counsel clearly knew about the report as he cross-examined Sgt. Carter on the fact that the report did not prove that the victim was raped.  Furthermore, defense counsel also testified that he saw the handwritten note by Mr. Sassaman to the prosecutor at the District Attorney's Office and it was sufficient for his use. The PCRA court found that obtaining a copy of the letter would not have affected the trial's outcome.  (Doc. 32, Ex. 3, p. 4).  Petitioner has not shown how not having a copy of the letter prejudiced him in any way, therefore, Petitioner has failed to allege a sufficient claim for ineffective assistance of counsel.  We recommend Petitioner's ground four claim be dismissed.

As his ineffective assistance of counsel Ground Five, Petitioner's claim is:

> Counsel's failure to object during the Commonwealth's closing, quoting from the opinion of the CRC Report that there was nothing in the medical exam that ruled out the victims's testimony.

Petitioner argues that defense counsel was ineffective for his failure to object to the comments made during the prosecutor's closing argument that the doctors examined the victim and concluded that the exam was consistent with the victim's claims.  The PCRA court found that the prosecutor made the innocent misstatement of "doctors" which did not prejudice Petitioner.  (Doc. 32, Ex. 3, p. 18).  The court went on to state that one doctor examining the victim as opposed to multiple doctors would not have significantly affected the jury's view of the testimony and the prosecutor did not misstate the examination's results.  (*Id.*).  The court found that defense counsel had a reasonable basis for failing to object as the objection would not have been well-founded. (*Id.*).  We agree.  Petitioner has not shown that he has been prejudiced in any way, therefore, this

claim lacks merit.  We find that the PCRA court's conclusion that the admission into evidence of the prosecutor's statements was an innocent misstatement is harmless error and is not contrary to federal law, therefore we recommend that Petitioner's ground five claim be dismissed.

As his ineffective assistance of counsel Ground Six, Petitioner's claim is:

> Counsel's failure to elicit lay person testimony from Police Sgt. Carter regarding the physical examination of the victim.

Petitioner argues that defense counsel was ineffective for eliciting police Sgt. Carter's inadmissible lay testimony regarding the medical report of the victim from CRC. This is essentially the same claim as Claim Two which is discussed above.  Petitioner claims that Sgt. Carter did not have personal knowledge of the examination.   The testimony shows that it is Petitioner's defense counsel who asked Sgt. Carter to give an opinion on the outcome of the report which was allowed by the Court.  (Doc. 32, Ex. 1, p. 139).  The PCRA court concluded that the report did not prejudice Petitioner because it did not harm his case as the report indicated that Petitioner may have committed the alleged acts, but it also indicated that the doctors could not state definitively if the victim had sexual intercourse.  (Doc. 32, Ex. 3, pp. 15-16). The report did not definitively show that someone had raped the victim.  (*Id.*).  The  PCRA court further noted that although Sgt. Carter was not present for the examination, he did have personal knowledge that it did not reveal evidence that Petitioner had sexual contact with the victim because Sgt. Carter previously read it.  (Doc. 32, Ex. 1, pp. 138-139).   Therefore, there was a reasonable basis for the defense counsel's actions and Petitioner's claim clearly does not

meet the *Strickland* standard for ineffective assistance of counsel.   We agree. We recommend that Petitioner's ground six claim be dismissed.

Based on the forgoing, we will recommend that the Court deny Petitioner's habeas petition (**Doc. 1**) with respect to all of his claims.

As discussed above, we have also reviewed Petitioner's pending motion for an evidentiary hearing (**Doc. 34**) and we will recommend that Petitioner's Motion for an Evidentiary Hearing be denied as moot.   We find that the Petitioner has failed to develop a factual basis for his claim in the state court proceedings, therefore an evidentiary hearing may only be granted if Petitioner shows:

> (1) the claim relies on "a new rule of constitutional law, previously unavailable, but made retroactive to cases on collateral review by the Supreme Court;" or (2) the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence; or (3) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty."

28 U.S.C. § 2254(e)(2).

An evidentiary hearing is not required in order for the Court to decide a habeas petition and in making the determination of whether a hearing is necessary in a case we are mindful of our obligation to do so unless the motion, files and records conclusively show petitioner is not entitled to relief.   *See Torres  v. United States*, 370 F. Supp. 1348 (E.D.N.Y. 1974).   *See also Walker v. United States*, 306 F. Supp.2d 215, 222 (N.D.N.Y. 2004); *Collins v. United States*, 418 F. Supp. 577, 579 (E.D.N.Y. 1976).  Based

on the information presented we find that Petitioner has failed to meet the above criteria

and an evidentiary hearing is unnecessary.

**V.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner's

Petition for Writ of Habeas Corpus **(Doc. 1)** be denied.  It is also recommended that

Petitioner's (**Doc.  34**) Motion for an Evidentiary Hearing be denied as moot.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 29, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONNIE ALBRITTON,                    :        CIVIL  ACTION  NO. **1:CV-11-0869**

                           :

              Petitioner    :        (Judge Caldwell)

                           :

                v.          :        (Magistrate Judge Blewitt)

                           :

DEBRA K. SAUERS, et al.,        :

                           :

           Respondents   :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May   , 2012.**

       Any party may obtain a review of the Report and Recommendation pursuant
to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____   **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May   , 2012**