UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RONNIE ALBRITTON, :
    Petitioner :
     :
    v. : CIVIL NO. 1:11-CV-0869
     :
DEBRA K. SAUERS *et al.*, :
    Respondents :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering Petitioner's objections to the Report and Recommendation ("R&R") of Magistrate Judge Blewitt, which recommends that we deny his petition for habeas relief. Petitioner objects to the magistrate judge's finding that all of his ineffective assistance of counsel claims fail.[1] In support of his position, Petitioner raises the same arguments previously made before the magistrate judge. Because the magistrate judge's report extensively sets out the facts of the case, we will not reiterate them here.

    To bring an ineffective assistance of counsel claim, a habeas petitioner must show "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the

---

[1] Following the submission of his objections, Petitioner sent a letter asking the Court to acknowledge its receipt of his exhibits. We received all exhibits noted in Petitioner's letter. We will consider these and the additional exhibits submitted on July 13, 2012 in Petitioner's Motion to Add Additional Exhibits (Docs. 62, 63).

result would have been different." Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Here, Petitioner's claims were adjudicated on the merits in a state court proceeding, limiting habeas relief to where the state adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding.

Harrington v. Gillis, 456 F.3d 188, 124 (3d Cir. 2006) (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-23, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

Petitioner's first ineffective assistance of counsel claim asserts that his trial counsel failed to cross examine the prosecution's witness, Raymond J. Sassaman, III, regarding his testimony that Petitioner confessed to him while the two shared a cell. Petitioner argues, as he did before the state Post-Conviction Relief Act ("PCRA") court and the magistrate judge, that he never shared a cell with Sassaman, and his attorney should have elicited this information during cross-examination. The PCRA court, affirmed by the Superior Court, found that this omission on behalf of Petitioner's attorney was not prejudicial, and that eliciting this testimony would "not have necessarily portrayed Defendant in a more favorable light." (Doc. 32-3, at 16). The magistrate judge found "Defense counsel clearly had a reasonable basis to avoid questioning Mr. Sassaman about the prison time he served with Petitioner as doing so may have prejudiced the jury against Petitioner." (Id. at 14). We agree with the magistrate judge's conclusion that, in

light of the evidence of record and the potential prejudice that would have resulted in such a cross-examination, Petitioner's claim does not meet the Strickland standard for ineffective assistance of counsel.

Petitioner also objects to the magistrate judge's finding that trial counsel's failure to object to the District Attorney's closing summation regarding Commonwealth witness Raymond Sassaman having no bias or prejudice was reasonable. The PCRA court found that a prosecutor may comment on a witness's credibility if no personal beliefs regarding the credibility are expressed and the comment is reasonable. Petitioner argues that "there was absolutely no evidence at the trial . . . in determining whether or not witness Sassaman had no bias or prejudice." (Doc. 59, at 15). Contrary to Petitioner's argument, the record shows that Sassaman testified that he did not know anyone in the case and did not ask to receive anything in return for his testimony. (Doc. 32-1, at 153-54). Petitioner also asserts that "[i]t is very possible that District Attorney Snook may have known of witness Sassaman's membership in a racist organization and his . . . racist tattoos before the trial . . . but hid the evidence of witness Sassaman's overt racial prejudice from the defense." (Id. at 16). Petitioner does not provide any evidence to support his bald assertion that the District Attorney had knowledge of any alleged racial animus. We agree with the magistrate judge's conclusion that the failure to object was reasonable and Petitioner's ineffective assistance of counsel claim fails.

Next, Petitioner asserts that his trial counsel was ineffective for failing to obtain copies of a medical report about the victim from the Children's Resource Center

("CRC") and a handwritten note sent by Sassaman to the prosecutor. The magistrate judge found that Petitioner failed to show how he was prejudiced by defense counsel's failure to obtain the documents. Petitioner objects to the R&R, arguing that the magistrate judge erred when finding that his counsel obtained copies of these documents. However, the magistrate judge did not find that counsel obtained these documents. Instead, he explained that the PCRA court "found that defense counsel *examined* both of the documents *at the District Attorney's Office*." (Doc. 56, at 16) (emphasis added). Petitioner argues that failing to obtain a copy of the CRC report led to defense counsel raising questions about it, bolstering the victim's testimony, but he does not explain why having a copy would have prevented the questions by defense counsel. Additionally, we agree with the PCRA court that such testimony did not prejudice Petitioner, because the CRC report indicated that the doctor could not definitively show that someone had raped the victim. Petitioner argues that failure to obtain a copy of the letter from Sassaman prevented trial counsel from doing an investigation that would have led to the discovery that Sassaman was motivated by a racial prejudice against the Petitioner. Petitioner does not explain how having a copy instead of examining the letter would have led to such a discovery. We find Petitioner has not shown any prejudice, thus failing to present a claim for ineffective assistance of counsel.

      Petitioner's next ineffective assistance of counsel claim involves the testimony of Police Sergeant James Carter regarding the medical report from the CRC. Petitioner argues that his trial attorney should not have elicited Carter's testimony about

the report, and counsel should have objected to such testimony. He argues that the magistrate judge erred when finding that there was a reasonable basis for defense counsel to elicit the testimony. Petitioner's objections simply reiterate the arguments brought before the magistrate judge. We find that Magistrate Judge Blewitt more than adequately addressed Petitioner's arguments and agree with his conclusion that Petitioner did not meet the *Strickland* standard for ineffective assistance of counsel.

The final objection brought by Petitioner deals with the magistrate judge's recommendation that his request for an evidentiary hearing be denied as moot. Petitioner requested an evidentiary hearing to show that the Commonwealth's witness, Sassaman, was racially biased against Petitioner. The magistrate judge found that the Petitioner failed to develop a factual basis for his claim in the state court proceedings and that such a hearing was unnecessary. Petitioner objects to this finding, asserting he did develop the factual basis of his claim in state court. After reviewing the record, we agree with the magistrate judge. While Petitioner raised the issue in both of his PCRA petitions, he failed to present "sufficient evidence to substantiate this claim." (Doc. 32-3, Jan. 16, 2009 PCRA Court Decision, at 18); (Doc. 59-2, Sept. 7, 2010 PCRA Court Decision at 12) (finding "the issues of racial prejudice and Mr. Sassaman's tattoos have been previously litigated."). Thus, an evidentiary hearing may only be granted if Petitioner shows:

> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

      (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
      (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). We find that Petitioner has not shown that he is entitled to an evidentiary hearing under this standard.

      ACCORDINGLY, this 26th day of July, 2012, upon consideration of the report and recommendation of the magistrate judge (Doc. 56), filed May 29, 2012, to which objections were filed, and upon independent review of the record, it is ORDERED that:

    1. Petitioner's motion to add additional exhibits (Doc. 62) is GRANTED.

    2. The magistrate judge's report is adopted (Doc. 56).

    3. Petitioner's objections (Doc. 59) are overruled.

    4. Petitioner's motion for an evidentiary hearing (Doc. 34) is DENIED.

    5. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

    6. The Clerk of Court shall close this file.

    7. A certificate of appealability is denied.

                              /s/ William W. Caldwell
                               William W. Caldwell
                               United States District Judge